**ENTERGY GULF STATES, INC., et al., Appellants,**

v.

**Billy Joe BUTLER, et al., Appellees.**

**No. 06-99-00082-CV.**

Court of Appeals of Texas, Texarkana.

Submitted Feb. 8, 2000.

Decided Aug. 1, 2000.

Lawrence L. Germer, Larry J. Simmons, David L. Merkley, Germer & Gertz, L.L.P., Beaumont, John R. Mercy, Mercy, Carter & Elliot, LLP, Texarkana, for appellants.

James E. Wimberley, Provost & Umphrey, Beaumont, Brent Wayne Coon, Provost Umphrey Law Firm, Beaumont, John A. Cowan, Beaumont, for appellees.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

This is an accelerated appeal in which Entergy Gulf States, Inc., et al. ("Entergy") appeals an order granting class certification to Billy Joe Butler, et al. ("Butler"). Entergy contends that class certification is improper because individual issues will predominate over common issues, certification of the class is not the superior method for resolving this controversy, the named plaintiffs' claims are not typical, and the named plaintiffs are not adequate representatives of the class. Additionally, in its first motion for rehearing, Entergy also claimed that the class is improper as certified because the trial court had created a fail-safe class.

Due to two recent Texas Supreme Court opinions addressing class certification, both of which were released after our substituted opinion in this case, we are required to withdraw our previous opinion.[1] See *Southwestern Ref. Co. v. Bernal*, 22 S.W.3d 425 (Tex. 2000); *Ford Motor Co. v. Sheldon*, 22 S.W.3d 444 (Tex. 2000). In light of *Bernal* and *Sheldon*, we must sustain Entergy's contention that individual issues will predominate over common issues, and we must reverse the trial court's order granting class certification.

In January 1997, many customers of Entergy in the Southeast Texas region suffered substantial power outages. These outages were triggered by the occurrence of a major ice storm moving through the area. The class proponents claim, however, that due to Entergy's failure to properly maintain the system before the storm, the power outages lasted an unreasonably lengthy period of time and this interruption caused them to sustain various damages. These utility customers, who were without power for varying periods of time, sought class certification. After hearing the certification evidence, the trial court signed an order granting class certification to "all Texas customers of Defendant Entergy whose electrical service was interrupted between January 11, 1997 through January 22, 1997, and who have sustained damages as a result of said disruption of service." Findings of fact and conclusions of law were filed along with this order. Entergy contends, in this interlocutory appeal, that the trial court erred in granting this class certification, that the certification constitutes an abuse of discretion, and that the class must be decertified.

In order to obtain certification, a party must satisfy the four requirements of Rule 42(a), as well as one of the requirements of Rule 42(b). See TEX.R. CIV. P. 42(a), (b). In this case, the trial court found that all requirements for class certification had been met under Rule 42(a) and Rule 42(b)(4). Rule 42(a) requires class proponents to prove that (1) the class is so numerous that joinder is impracticable, (2) the class has common questions of law or fact, (3) the representatives' claims are typical of the class claims, and (4) the representatives will fairly and adequately protect the interests of the class. TEX.R. CIV. P. 42(a). In other words, class proponents must prove numerosity, commonality, typicality, and adequate representation. See *Forsyth v. Lake LBJ Inv. Corp.*, 903 S.W.2d 146, 150 (Tex.App.—Austin 1995, writ dism'd w.o.j.). Rule 42(b)(4) further requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." TEX.R. CIV. P. 42(b)(4). Since the predominance requirement under Rule 42(b)(4) is one of the most stringent prerequisites to class certification, we will consider it at the outset. See *Bernal*, at 427.

The test for evaluating predominance is "not whether the common issues outnumber the individual issues, but instead whether common or individual issues will be the object of most of the efforts of the litigants and the court."[2] *Glassell v. Ellis*, 956 S.W.2d 676, 686 (Tex.App.-Texarkana 1997, pet. dism'd w.o.j.), *quoting*

---

1. The substituted opinion in this case was released on May 4, 2000.

2. Entergy claims that the test for whether common issues predominate also includes determining if a judgment in favor of the class members settles the entire controversy, and if all that remains is for the other class members to file proof of their claims. See *Microsoft Corp. v. Manning*, 914 S.W.2d 602, 611 (Tex.App.—Texarkana 1995, writ dism'd);

*Life Ins. Co. of Southwest v. Brister*, 722 S.W.2d 764, 772 (Tex.App.—Fort Worth 1986, no writ). While this scenario does present the ideal situation, this is not a hard and fast requirement for all class certifications. *See Southwestern Ref. Co. v. Bernal*, at 434 (Tex. 2000); *see also Glassell v. Ellis*, 956 S.W.2d at 676, 686 (Tex.App.-Texarkana 1997, pet. dism'd w.o.j.).

*Life Ins. Co. of Southwest v. Brister,* 722 S.W.2d 764, 772 (Tex.App.—Fort Worth 1986, no writ); *see also Bernal,* at 434. Moreover, "[i]f, after common issues are resolved, presenting and resolving individual issues is likely to be an overwhelming or unmanageable task for a single jury, then common issues do not predominate." *Bernal,* at 434. The Texas Supreme Court has made it very clear that the trial court must conduct this rigorous predominance

analysis at the time class certification is sought. It emphasized that "[a]lthough it may not be an abuse of discretion to certify a class that could later fail ... a cautious approach to class certification is essential." *Id.* at 435.

In the case at hand, Entergy contends that the predominance requirement is not met because the common issues do not predominate over the individual issues.[3] It claims that even if the class

3. The trial court, in its order granting class certification with findings of fact and conclusions of law, found the common issues to include, but not be limited to, the following:

(i) whether Entergy and the remaining Defendants were negligent in failing to properly maintain the distribution system to ensure continued receipt of electrical services;

(ii) whether Entergy and the remaining Defendants misrepresented their ability and intentions to maintain service-related manpower, materials and equipment at levels necessary to ensure continuation of electrical service and/or in order to limit interruption of service to a reasonable basis;

(iii) whether Entergy and the remaining Defendants acted willfully, recklessly or with conscious indifference to the rights of the customers of Entergy in misrepresenting material facts regarding their intention and/or ability to maintain the service-related manpower, equipment and materials as detailed hereinabove, and/or their ability to timely reinstate electrical power in the event of a weather-related power outage;

(iv) whether Entergy and the remaining Defendants acted willfully, recklessly or with conscious indifference by failing to take appropriate preventive maintenance actions to prevent and/or limit weather-related power outages including, but not limited to, whether Energy [sic] completed appropriate vegetation-related preventive maintenance to its distribution and/or transmission system;

(v) whether Entergy and/or the remaining Defendants violated the Deceptive Trade Practices Act;

(vi) whether Entergy and/or the remaining Defendants violated certain express and implied warranties made either directly to the Representative Plaintiffs and Class members or for the benefit of the Representative Plaintiffs and Class members to third parties, including the PUC and certain governmental entities;

(vii) whether Entergy and/or the remaining Defendants breached certain contractual obligations related to continuation and/or reinstatement of electrical service, which contractual obligations were owed by Entergy either directly to the Representative Plaintiffs and the Class members or by Entergy to certain third-party entities, including the PUC and various governmental entities for the benefit of the Representative Plaintiffs and Class members.

(viii) whether wrongful acts and/or omissions on the part of Entergy and/or the remaining Defendants constitute fraud, constructive fraud, negligent misrepresentation, breach of contract, negligence, gross negligence, conspiracy and/or other violations of Texas common law;

(ix) whether the Defendants violated their service obligations related to PURA, including their obligations to provide "continuous and adequate" electrical service, whether the Class members were damaged as a result of said violations and whether the Class members may pursue a claim for recovery of said damages.

(x) whether the Representative Plaintiffs and Class members are entitled to prejudgment interest on their damages, including contract claimed damages under Texas law;

(xi) whether the Representative Plaintiffs and Class members are entitled to punitive damages under Texas law;

(xii) whether the Representative Plaintiffs and Class members are entitled to recover their reasonable and necessary attorney's fees, litigation expenses and court costs in prosecuting this action under Texas law;

(xiii) the determination of the measure and/or methodology for quantifying the damages resulting from the wrongful acts and omissions on the part of Entergy and the remaining Defendants;

(xiv) whether the duty of Entergy and the remaining Defendants to provide electri-

could prove that Entergy failed to properly maintain the system, every individual would still have to separately prove both causation and damages, which will assuredly predominate over any issues that are common to the class. It also claims that its defenses vary from one individual to the next depending on the individual facts of each claim. Entergy argues that "[t]he predominance requirement is intended to prevent class action litigation when the sheer complexity and diversity of the individual issues would overwhelm or confuse a jury or severely compromise a party's ability to present viable claims or defenses." *Id.* at 434.

As a result of the individual issues involved in this type of suit, Entergy contends that the case will result in a series of mini-trials, rather than one collective trial, and as a result is not suitable for class certification. *See LaFleur v. Entergy, Inc.,* 737 So.2d 761 (La.Ct.App.1998) (lower court denied class certification in a similar case against utility company and reviewing court upheld the denial because of the predominance of the individual issues); *Brown v. New Orleans Pub. Serv., Inc.,* 506 So.2d 621 (La.Ct.App.1987, writ denied) (reviewing court overruled trial court's certification of a class of individuals who went without power for a number of hours because the class members' damages were different, and the causative link between the members' injuries and the defendant's conduct varied from member to member). In light of the recent holdings in Texas regarding class certifications, we find these class action cases dealing with claims against utility companies persuasive, and we agree that the certification in this case was inappropriate.

Additionally, the *Bernal* case made clear that when there are claims for personal injuries made, this also weighs against class certification. While we do not read the *Bernal* case to hold that all claims involving personal injury are unsuitable for class certification, it is obviously a factor to consider. In this case, the plaintiffs included claims for personal injuries in their pleadings. When the *Bernal* court considered the predominance requirement in light of the specific facts before it, it determined that the individual issues would predominate over the common ones. It reasoned that:

> The common-issues phase will establish whether Southwest [sic] is legally responsible for the explosion and whether the released materials were capable of causing the harm some members of the class allege. The answers to these questions are necessary in considering Southwest's [sic] liability, but they will not establish whether and to what extent each class member was exposed, whether that exposure was the proximate cause of harm to each class member, whether and to what extent other factors contributed to the alleged harm, and the damage amount that should compensate each class member's harm.

*Bernal,* at 436. This reasoning is instructive to the case at hand. These same types of considerations and individual determinations would have to be made in order to show that Entergy was the cause of each individual's harm, and precisely what damages each individual plaintiff suffered.

■ Moreover, the trial court failed to explain its plan for trying these individual issues, and "it is improper to certify a class without knowing how the claims can and will likely be tried." *Id.* at 435. The trial court did acknowledge the potential need to divide the class into subclasses. However, the Texas Supreme Court has made

cal energy to the customers of Entergy, including the Representative Plaintiffs and Class, is governed by tariffs approved by regulatory agencies, whether said tariffs set standards for "quality of service", and whether said tariffs pre-

clude all or a portion of the claims of the Representatives [sic] Plaintiffs and the Class; and

(xv) Other additional common issues of law and fact.

it clear that it is no longer acceptable for a trial court to "certify now and worry later." *Id.* at 434. "If it is not determinable from the outset that the individual issues can be considered in a manageable, time-efficient, yet fair manner, then certification is not appropriate." *Id.* at 435. In this case, the predominance requirement is not satisfied.

The order certifying the class is reversed.